ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of -- | ) |
| | ) |
| John Shaw LLC d/b/a Shaw Building Maintenance | ) ASBCA Nos. 61379, 61585 |
| | ) |
| Under Contract No. AAFES REZ-09-002-10-026 | ) |

APPEARANCE FOR THE APPELLANT:     Ian Morris, Esq.
                                   Morris Law Charlotte
                                   Huntersville, NC

APPEARANCES FOR THE GOVERNMENT:   Scott N. Flesch, Esq.
                                   Army Chief Trial Attorney
                                   CPT Richard W. Hagner, JA
                                   Robert B. Neill, Esq.
                                   Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE OSTERHOUT

Appellant John Shaw LLC d/b/a Shaw Building Maintenance (Shaw LLC or appellant) claims costs associated with its federal and state tax liability, interest from late payment of invoices, the cost of lost equipment, and Mr. Shaw's hourly rate for phone calls placed in pursuit of these costs. These allegedly result from a 3-year delay in payment of 2 of its 36 invoices related to a janitorial services contract with the Army & Air Force Exchange Service (Army or government). For the reasons discussed below, we deny these appeals.

FINDINGS OF FACT

We have previously issued three decisions in these appeals: *John Shaw LLC d/b/a Shaw Building Maintenance*, ASBCA No. 61379, 18-1 BCA ¶ 37,003; *John Shaw LLC d/b/a Shaw Building Maintenance*, ASBCA No. 61379, 18-1 BCA ¶ 37,026; and *John Shaw LLC d/b/a Shaw Building Maintenance*, ASBCA Nos. 61379, 61585, 19-1 BCA ¶ 37,216. Familiarity with those decisions and the facts discussed therein is presumed. However, we reiterate several relevant facts here for clarity.

1. On May 2, 2010, the Army awarded Contract No. AAFES REZ-09-002-10-026 to Shaw LLC, valued at $358,000 (R4, tab 1 at 3). The contract was to furnish all personnel, supervision, equipment, tools, materials, and supplies for janitorial services in the shoppette and shopping center at Eielson Air Force Base in Alaska (*id.* at 7, 36). The contract contained a clause subjecting this contract to the Contract Disputes Act (CDA) of 1978, stating "all disputes arising under or relating to this contract shall be resolved under this

clause" (*id*. at 13). Exhibit C, Section 6.b(2)(a) stated payment was required within 30 days "after receipt of a proper invoice" (*id* at 30). Section 6.b(10) stated "[a]ny interest penalties due to contractors will be computed in accordance with the Prompt Payment Act, 31 U.S.C. §§ 3901-3906, as amended" (*id*. at 31).

2. On May 31, 2012, the government issued "Amendment 1," exercising the first option year in the contract to extend services to cover June 1, 2012, through May 31, 2013 (R4, tab 2 at 1).

3. Appellant sent invoice no. 2701 to the government on November 25, 2012. Appellant also sent invoice no. 2863 on April 29, 2013. Each was for $15,913.35. (R4, tabs 15, 27 at 1-2)

4. The contract expired on May 31, 2013, and was not renewed by the contracting officer (CO) (R4, tab 2 at 1; tr. 73-75). At this time, invoice nos. 2701 and 2863 were still outstanding (R4, tab 25).

5. The government issued a check for $31,826.70 for the two outstanding invoices on September 30, 2016, and appellant cashed it on October 3, 2016. The government also calculated 47 days of Prompt Payment Act (PPA) interest and issued a check for $76.30 for both invoices on October 26, 2016, which appellant cashed on November 3, 2016. (R4, tab 25 at 2, 4, tab 37 at 1-3)

6. On March 20, 2017, Shaw LLC submitted a claim to the Army CO for $419,781.01. This was calculated by attributing $9,045.84 for loss of explosion-proof equipment, $2,009.77 in PPA interest, and the rest in punitive damages. While the claim recognized the government "paid good faith amount of $31,826.70 to offset a portion of losses," the claim also alleged that the government had failed to timely pay two of appellant's invoices, resulting in appellant's use of funds from an unrelated contract. Also as a result, appellant was required to pay for storage of its explosion-proof equipment in Alaska that it could not ship back to North Carolina, where Shaw LLC was based. Appellant further alleged that its failure to pay those storage fees resulted in the storage company selling the equipment to cover those costs. (R4, tab 13 at 3-4)

7. On August 16, 2017, the CO denied the claim in full. The CO determined that appellant was not timely paid these two invoices because it had contacted Exchange personnel regarding updating its payment account information, but not the Army CO, as required by the contract. The CO further found no basis in the contract for punitive damages for appellant failing to secure future contracts, and thus there was no basis for the punitive damages claim. (R4, tab 14) Appellant timely appealed this decision, and the Board docketed it as ASBCA No. 61379.

8. The Board granted the government's motion to dismiss the claim for punitive damages in an earlier opinion issued in this appeal on March 8, 2018. *Shaw LLC*, 18-1 BCA ¶ 37,026. On March 27, 2018, Shaw LLC submitted an amended claim to the CO for $2,916,323.61. This included the $31,826.70 for outstanding invoices which it previously stated had been paid, and added $2,986.81 for taxes owed to the state of Alaska, $14,636.00 for federal taxes owed to the IRS, $4,662 for labor in making telephone calls to pursue this claim, $645,154.49 in exemplary damages, and $2,206,002 for "missed opportunities." (R4, tab 23 at 1-2)

9. On March 29, 2018, the CO denied the amended claim in full. The CO cited his previous decision for the equipment and PPA interest claims and the ASBCA's decision dismissing the "missed opportunities" claim. The CO observed that the invoice claims were for invoices that had been paid in 2016. Finally, the claims for federal and state taxes, telephone bills, and exemplary damages failed "to provide a basis in the contract to support the total losses [appellant has] identified." (R4, tab 31) Appellant appealed this denial to the Board on April 9, 2018. The Board docketed this as ASBCA No. 61585.

10. The government issued two checks to appellant on April 19, 2018, and May 1, 2018, for one year of PPA interest for both invoices minus the amount previously paid in 2016. The interest for invoice no. 2701 was $486.81, while the amount for invoice no. 2863 was $486.16. (R4, tab 37 at 3) However, the government used the rate of 3.25%, rather than what it believes were the correct rates for two different parts of the year, 1.75% and 1.375% (R4, tab 37 at 2).

## DECISION

We previously granted the government's pre-hearing motion to dismiss the claims for the unpaid invoices, "missed opportunities," and exemplary damages. *Shaw LLC*, 19-1 BCA ¶ 37,216. The remaining requests for relief concern $9,045.84 for loss of appellant's equipment; $2,986.81 for taxes owed to the state of Alaska; $14,636 in federal taxes owed to the IRS; $4,662 in the labor costs of making telephone calls; and $2,009.77 in PPA interest, totaling $33,340.42. Appellant argues in its pre-hearing brief[1] that these losses were due to a breach by the government of the duty of good faith and fair dealing implied in every contract. The Army argues that while many of these costs

---

[1] At the hearing, the parties agreed appellant would file a post-hearing brief, the government would then respond, and appellant would submit a reply (tr. 100). Appellant failed to submit an initial brief or a reply to the government's post-hearing brief. We thus review appellant's arguments articulated in its pre-hearing brief and during the hearing.

amount to consequential damages and thus are not allowed, none are causally connected to the alleged breach anyway.

Appellant, as the proponent of the claim, has the burden of proof. *Horton Constr. Co.*, ASBCA No. 61085, 18-1 BCA ¶ 36,979 at 180,129. Every contract imposes upon each party a covenant of good faith and fair dealing in its performance and enforcement. *Metcalf Constr. Co. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014). "The duty of good faith and fair dealing imposes obligations on both contracting parties, including the duty not to interfere with the other party's performance and not to act so as to destroy the reasonable expectations of the other party." *SIA Constr.*, ASBCA No. 57693, 14-1 BCA ¶ 35,762 at 174,986 (citing *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005)). However, this implicit duty "cannot expand a party's contractual duties beyond those in the express contract or create duties inconsistent with the contract's provisions." *Metcalf*, 742 F.3d at 991 (quoting *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 831 (Fed. Cir. 2010)). "A breach of the duty of good faith and fair dealing may be shown by proving, *inter alia*, a lack of diligence, willful or negligent interference, or a failure to cooperate." *Id.* (citing *Malone v. United States*, 849 F.2d 1441, 1445 (Fed. Cir. 1988)). "The proper inquiry regarding the duty often boils down to questions of 'reasonableness' of the government's actions." *Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶37,085 at 180,539.

Appellant has not pointed to any distinct acts that the government as an organization, or any individual representative thereof, has engaged in which would indicate a breach of this duty or would be considered unreasonable. While the government admits it paid invoices no. 2701 and no. 2863 three years after the end of the contract, in 2016 (findings 4-5), the government has also paid appellant one year of PPA interest[2] (finding 10) for each of these invoices, which is the statutory maximum. 31 U.S.C. § 3907(b)(1). Appellant has not shown how these late payments were unreasonable given the circumstances. Indeed, the government alleges that it made an attempt to pay the invoices earlier, mitigating at least some of the delay, but was prevented by appellant switching its banking information without informing the government (gov't br. at 5 ¶ 17). Appellant's argument does not address this allegation.

Appellant's brief also alleges that the other invoices were routinely paid late, but provides only allegations in litigation documents as proof. *See* app. br. at 4 ¶ 15 (citing appellant's original complaint) at 10-11 (citing the CDA and certification of claims requirements). These allegations, standing alone, are unpersuasive.

---

[2] The government argues in its pre- and post-hearing brief it has overpaid the amount of interest appellant is owed (gov't br. at 10-11; finding 10). Appellant has not challenged this contention in its pre-hearing brief or during the hearing. The government states it does not intend to seek repayment (gov't br. at 12).

4

Even if appellant had shown unreasonable governmental conduct, the connection of that conduct to many of the damages appellant claims is tenuous, if present at all. For example, appellant's state tax liability appears to come from five years of interest for not paying part of its taxes in 2013, and its federal tax liability covers 2012-2016, despite the contract ending in 2013 (tr. 85-86). The only exception would be the PPA interest, but appellant does not explain how it is entitled to interest beyond the statutory maximum for these two invoices. Accordingly, appellant's theory that it is entitled to the remaining costs because the government breached the implied duty of good faith and fair dealing must fail.

<u>CONCLUSION</u>

For the reasons discussed above, the appeals are denied.

Dated: April 15, 2021

HEIDI L. OSTERHOUT
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

5

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 61379, 61585, Appeals of John Shaw LLC d/b/a Shaw Building Maintenance, rendered in conformance with the Board's Charter.

Dated:  April 15, 2021

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals